IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

BMG MUSIC, et al.,

                Plaintiffs,

v.                                                CIVIL ACTION NO. 2:05-cv-00678

ROBERT D. MEEKS,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the opposition of the defendant to the plaintiffs' motion to reconsider for entry of default judgment and/or injunction [Docket # 13]. For the reasons set forth below, the court treats the defendant's opposition as a motion to reconsider the clerk's entry of default, **GRANTS** the defendant's motion, and sets aside the default entered on October 5, 2005.

**I.    Background**

The plaintiffs filed their complaint for damages and injunctive relief for copyright infringement on August 19, 2005. The defendant failed to answer the complaint, and on October 5, 2005, the clerk entered a default against the defendant. The court dismissed the action without prejudice on October 27, 2005, because of the plaintiffs' failure to file the appropriate motions and affidavits with the court within 20 days of the entry of the default. The plaintiffs promptly filed a motion to reconsider the dismissal of the action, averring that they failed to file the proper documents because of a "clerical error." On November 2, 2005, the court granted the plaintiffs' motion for reconsideration and returned this matter to the court's active docket. The defendant now

moves the court to reconsider the entry of default.

**II      Discussion**

As an initial matter, the defendant requests in his opposition to plaintiffs' motion that the court grant him the opportunity to defend himself in this action. The court therefore treats the defendant's brief in opposition as a motion to reconsider the clerk's entry of default.

Default is governed by Rule 55 of the Federal Rules of Civil Procedure. Under Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules . . . the clerk shall enter the party's default." Rule 55(c) provides that "[f]or good cause shown the court may set aside an entry of default . . . ." The Fourth Circuit has "taken a[] . . . liberal view" of the requirements needed to set aside a default or default judgment, indicating a preference for a trial on the merits. *See Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 810 (4th Cir. 1988). Additionally, in cases in which the defaulting litigant is *pro se*, the court must be especially cautious so as not to impede unfairly the legitimate efforts of *pro se* litigants in presenting their case. *See Bauer v. Comm'r.*, 97 F.3d 45, 49 (4th Cir. 1996).

In this case, the defendant contends that he failed to answer the complaint because he did not understand the documents he received and because "he has only recently asked counsel to assist him in his defense of this matter." The court interprets the defendant's second reason as meaning that he was *pro se* when the clerk entered the default. Considering the defendant's former *pro se* status, the reasons provided by the defendant are believable and sufficiently explain the defendant's negligence. The court accordingly **FINDS** that the defendant has shown good cause for failing to answer the complaint.

The fact that the court has granted a similar motion by the plaintiffs also militates towards granting the defendant's motion. As noted, the court granted the plaintiffs' motion to return this matter to the court's active docket after the court dismissed it due to the plaintiffs' failure to comply with a court-imposed deadline. Remedying the plaintiffs' fatal error but failing to do the same for the defendant would result in an inequitable outcome.

### III. Conclusion

After considering the reasons for the defendant's failure to answer the complaint and equitable factors, the court **GRANTS** the defendant's motion for reconsideration and sets aside the default.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:    November 4, 2005

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE